UNITED STATES of America,
Appellee,

v.

Roberto ROSALES, Defendant–
Appellant.

No. 07–2399–cr.

United States Court of Appeals,
Second Circuit.

Aug. 4, 2008.

Joyce C. London, Esq., New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York (Glen G. McGorty, Amy Orange Finzi, Assistant United States Attorneys, Cathy Seibel, Deputy United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Roberto Rosales appeals from a judgment of conviction of the United States District Court for the Southern District of New York (George B. Daniels, *Judge),* sentencing him principally to 60 months' imprisonment following a plea of guilty to one count of conspiring to distribute and possess with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A), 846. We assume the parties' familiarity with the facts, procedural history, and issues raised on appeal.

On appeal, Rosales challenges the district court's refusal to grant a minor role adjustment under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2(b). We review a district court's application of the Sentencing Guidelines to the facts of a specific case using a *de novo* standard of review when the district court's determination is primarily legal in nature, and a clear error standard when the determination is primarily factual. *See United States v. Gotti,* 459 F.3d 296, 349 (2d Cir. 2006). In this case, we apply the clear error standard because the district court's determination that Rosales did not play a

minor role in the conspiracy was primarily a factual determination.

Section 3B1.2 provides that a defendant's offense level should be decreased by two levels if the district court finds that, "[b]ased on the defendant's role in the offense, ... the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2. "The defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role adjustment under section 3B1.2 of the Sentencing Guidelines." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001).

We have held that a mitigating role adjustment under section 3B1.2(b) "will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' ... as compared to the average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999) (per curiam). Furthermore, in reviewing the district court's decision,

> we are mindful that a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.

*Carpenter*, 252 F.3d at 234 (internal quotation marks, brackets, and citation omitted).

The district court concluded that Rosales's role in the conspiracy, while less important than that of others who were also involved, was nonetheless significant. The district court pointed out that Rosales delivered a large amount of drugs and drug proceeds in furtherance of the conspiracy. Moreover, Rosales was involved with the conspiracy over a period of several months, and made multiple deliveries. We conclude that the district court did not clearly err in determining that Rosales's role in the conspiracy was not minor.

Moreover, while not relevant to whether the district court's Guidelines calculation was correct, we note that the district court considered Rosales's relative role in deciding to impose a below-Guidelines sentence—indeed, the court imposed a sentence below the Guidelines range that would have applied had the district court applied a mitigating role adjustment.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.